UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH PILARSKI and | ) | |
| LINDA PILARSKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01188 NCC |
| | ) | |
| CHIEF CHRISTOPHER HAMMANN, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

COMES NOW Defendant Christopher Hammann ("Defendant"), by and through undersigned counsel, and for his Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, states as follows:

### INTRODUCTION

1.     Defendant denies that Plaintiffs' "Introduction" as set forth in this paragraph is an accurate and rule-compliant statement of alleged facts.  Defendant denies the contents of this paragraph.

### PRELIMINARY ALLEGATIONS

#### Parties

1.     Defendant admits the stated ages and residence of Plaintiffs.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and averments set forth in this paragraph and, therefore, denies the same.

2.     Admitted.

3.      Defendant admits that he holds a Master's Degree in Criminal Justice from Columbia College, that as the police chief of the City of New Haven Police Department he was in charge of training and compliance of the police department, and that he generally testified as to this at the aforementioned criminal trial upon inquiry.  Defendant denies any remaining allegations not specifically admitted herein.

4.      Admitted.

**Jurisdiction and Venue**

5.      Admitted.

6.      Admitted.

7.      Admitted.

**Color of State Law**

8.      Admitted.

**Jury Demand**

9.      Admitted.

**FACTS**

10.     Admitted.

11.     Defendant admits that Plaintiffs have put political signs in their picture windows. To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

12.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph because it is unclear which sign or signs in particular Plaintiffs are referring to in this paragraph; Defendant therefore denies the same.

Defendant admits that he is unaware of any laws that generally prohibit political signs. To the extent not expressly admitted or denied, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

13.     Defendant is generally aware that there have been points of contention between residents of the City of New Haven and the City of New Haven over the last few years. To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

14.     Defendant admits that he has generally been aware of complaints and/or disputes related to these issues listed in this paragraph. To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

15.     Admitted. Defendant further states that some of Plaintiffs' signs have been yard signs.

16.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

17.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

18.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

19.     Defendant denies that he specifically aligned with Pinckney Bend and/or the City against Plaintiffs. To the extent not expressly admitted or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

20.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Defendant denies that Plaintiff Keith Pilarski took the sign down at that time. As of the following day, Mr. Pilarski still had not removed the sign, so a citation was issued. Defendant believes that Plaintiff Keith Pilarski took the sign down after the ticket was issued. Defendant lacks knowledge sufficient to form a belief as to the truth of any allegations not specifically admitted or denied herein and, therefore, denies the same.

27.     Admitted, with the exception that the letter "B" should be replaced with a "N" in the cited ordinance section.

28.     Admitted.

29.     Defendant states that there is no Missouri Supreme Court Rule 37.33(9). Defendant further states that to the extent that Plaintiffs seek to cite to Missouri Supreme Court Rule 37.33(a)(9), that Rule and provision speaks for itself.

30.     Defendant states that this paragraph states a legal conclusion to which no response is required.  Defendant states that the rights and guarantees set forth in the Sixth Amendment speak for themselves.

31.     Defendant states that this paragraph states a legal conclusion to which no response is required.

32.     Defendant admits that he wrote the ticket using Missouri's Form 37.A Uniform Citation. To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

33.     Defendant admits that the citation contained his electronic signature. To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

34.     Defendant admits that he was not hurried into writing the citation at issue. Defendant denies that he disregarded the risk of bringing a charge for which there was no basis. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and averments set forth in this paragraph and, therefore, denies the same.

35.     Defendant admits that Chapter 215 of the City of New Haven Code of Ordinances does not directly pertain to signs. Defendant admits this chapter is the only chapter titled "Nuisances." Defendant denies the suggestion that there are no other matters within the City of New Haven Code of Ordinances that could be construed as nuisances. To the extent not expressly admitted or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

36.     Defendant admits that the sign containing foul language and the word "bullshit" was the basis for the citation. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

37.     Defendant states that the sign provision quoted is in City of New Haven Code of Ordinances Section 405.595.3. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

38.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

39.     Defendant states that City of New Haven Ordinance 405.595.3 speaks for itself.

40.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

41.     Admitted.

42.     Denied.

43.     Admitted.

44.     Admitted.

45.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

46.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

47.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

48.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

49.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

50.     Defendant admits that he was informed of an encounter between Plaintiff Keith Pilarski and an employee of Pinckney Bend Distillery on 9/12/22; thus Defendant admits that Plaintiff Keith Pilarski was at the Pinckney Bend property on that date.  To the extent not expressly

admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and averments set forth in this paragraph and, therefore, denies the same.

51.     Defendant admits that he has generally been informed of this.  To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and averments set forth in this paragraph and, therefore, denies the same.

52.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

53.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

54.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

55.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments concerning what was said in a deposition and, therefore, denies the same.  Defendant admits that he was told that this was said to the employee.  Defendant denies any remaining allegations not already addressed.

56.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

57.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

58.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

59.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

60.     Admitted.

61.     Defendant admits that Plaintiff Keith Pilarski was outside of his residence and was walking his dog at the time that Defendant Hammann arrived at the Pilarski residence on 9/12/22. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and averments set forth in this paragraph and, therefore, denies the same.

62.     Admitted.

63.     Defendant admits that he asked Plaintiff Keith Pilarski if he could please stop driving around and telling people to "get fucked."  Defendant admits that he told Plaintiff Keith Pilarski that people had been complaining about this.  To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and averments set forth in this paragraph and, therefore, denies the same.

64.     Denied.

65.     Denied.

66.     Defendant denies that these were Plaintiff Keith Pilarski's exact words, and therefore denies the allegations and averments in this paragraph.

67.     Defendant admits that he told Plaintiff Keith Pilarski that he was going to put him under arrest for peace disturbance.  To the extent not expressly admitted, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and averments set forth in this paragraph and, therefore, denies the same.

68.      Defendant does not specifically recall but does not deny the allegation that Plaintiff Keith Pilarski told him to "fuck off."

69.     Denied.

70.     Denied.

8

71.     Denied.

72.     Denied.

73.     Denied.

74.     Admitted.

75.     Denied.

76.     Defendant denies the suggestion that Plaintiff Keith Pilarski was not resisting Defendant's attempts to arrest him. Defendant admits that Plaintiff Keith Pilarski was not able to flee.  To the extent not expressly admitted or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

77.     Defendant denies the suggestion that Plaintiff Keith Pilarski was not attempting to pull away from Defendant. Defendant admits that Plaintiff Keith Pilarski was not able to pull away from him.  To the extent not expressly admitted or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

78.     Denied.

79.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

80.     Admitted.

81.     Admitted that another officer drove up, but Defendant generally denies the sequence of events as Plaintiffs attempt to set forth in sequential paragraphs.

82.     Defendant admits that he told the later arriving officer to tase Plaintiff Keith Pilarski. Defendant generally denies the sequence of events as Plaintiffs attempt to set forth in sequential paragraphs.

83.     Defendant denies that the other officer responded in an inquisitive and incredulous tone; thus, Defendant denies the allegations set forth in this paragraph.

84.     Defendant admits that he told the later arriving officer to tase Plaintiff Keith Pilarski.  Defendant denies any allegations not expressly admitted herein.

85.     Admitted.

86.     Admitted.

87.     Defendant denies the relative sequence of events as set forth in sequential paragraphs by Plaintiffs in their Complaint.  Defendant admits that, after Mr. Pilarski was on the ground, and given that he continued to resist, Defendant directed the other officer to tase Mr. Pilarski a second time. Defendant denies any allegations not expressly admitted herein.

88.     Admitted.

89.     Defendant denies that Mr. Pilarski was "unable to comply because Hammann was on top of him." Defendant admits that Defendant and the other officer were giving orders to Plaintiff Mr. Pilarski, who continued to resist. To the extent not expressly admitted or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

90.     Defendant admits that Plaintiff Linda Pilarski was outside during some portion of the incident and events at issue. Defendant lacks knowledge sufficient to form a belief as to the allegation that Plaintiff Linda Pilarski was outside "early in the incident" and, therefore, denies the same.

91.     Defendant admits that, while he was attempting to arrest and gain control of Plaintiff Keith Pilarski, who was actively resisting him, Plaintiff Linda Pilarski actively interfered with Defendant and made such physical contact with Defendant while he was attempting to arrest Plaintiff Keith Pilarski.   To the extent not expressly admitted or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments contained in this paragraph and, therefore, denies the same.

92.     Defendant denies any suggestion made by Plaintiffs as to the sequence of events set forth in sequential paragraphs stated in this Complaint. Defendant admits that Plaintiff Linda Pilarski was asking questions and demanding that Defendant let Plaintiff Keith Pilarski go.

93.     Denied.

94.     Defendant admits that he did not release or let Plaintiff Keith Pilarski go upon the request of Plaintiff Linda Pilarski.

95.     Defendant denies any suggestion as to the sequence of events made by Plaintiffs making these allegations in sequential paragraphs. Defendant admits that Plaintiff Linda Pilarski made these statements and was screaming at Defendant on the day in question. Defendant states that this was after Defendant had to push Plaintiff Linda Pilarski off of him due to her physical contact and active interference with Defendant while he was attempting to gain control of Plaintiff Keith Pilarski.  To the extent not expressly admitted or denied, Defendant denies the remaining allegations set forth in this paragraph.

96.     Denied.

97.     Denied.

11

98.     Defendant admits that Plaintiff Linda Pilarski was outside during the second time that Plaintiff Keith Pilarski was tased.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

99.     Admitted.

100.    Defendant denies the allegations in this paragraph and the suggestion that Defendant "came toward" Plaintiff Linda Pilarski.  Defendant admits that his back was toward Linda Pilarski as he struggled with Keith Pilarski, and as Linda Pilarski actively interfered by physically contacting Defendant.  Defendant denies any remaining allegations not expressly admitted or denied herein.

101.    Defendant admits that Plaintiff Linda Pilarski was screaming much of the time on the date in question. Defendant denies any suggestion that she screamed in anticipation of Defendant coming toward her.

102.    Denied.

103.    Defendant admits that Plaintiff Linda Pilarski fell backwards onto the ground after Defendant pushed her off of him.

104.    Defendant generally denies the sequence of events as Plaintiffs attempt to set forth in sequential paragraphs in this Complaint. Defendant admits that he put himself on top of Plaintiff Keith Pilarski.

105.    Defendant denies the sequence of events as Plaintiffs are attempting to set forth in sequential paragraphs in this Complaint; thus, Defendant denies the allegations set forth in this paragraph.

106.    Admitted.

107.    Admitted.

108.    Defendant admits that Plaintiff Linda Pilarski was allowed to take the dog. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

109.    Admitted.

110.    Defendant admits that the officers brought Plaintiff Keith Pilarski to his feet. Defendant admits that Plaintiff was taken and seated in a nearby police vehicle, which was then driven to a close by parking lot for purposes of waiting for an ambulance to arrive to take out the taser barbs.

111.    Admitted.

112.    Admitted.

113.    Admitted.

114.    Defendant states that this was done in following protocol based on the events at issues.

115.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

116.    Denied that the specific request to "file a complaint" was made.

117.    Admitted.

118.    Denied.

119.    Denied, including all subparts therein.

120.    Denied.

121.    Admitted.

122.     Defendant states that the charges speak for themselves. Defendant denies Plaintiff's characterization of what they are calling the "finger incident" and therefore denies any suggestion in that regard.

123.     Denied.

124.     Defendant denies the suggestion that he only arrested Plaintiff Keith Pilarski for "peace disturbance," and therefore denies the allegations set forth in this paragraph.

125.     Defendant states that the charges again Plaintiff Linda Pilarski speak for themselves.

126.     Admitted.

127.     Denied.

128.     Denied.

129.     Admitted.

130.     Admitted.

131.     Defendant admits and states that his probable cause statement and police report were true and accurate. Defendant denies that he disregarded any risk related to writing and/or filing those statements. To the extent not expressly admitted or denied, Defendant lacks knowledge sufficient to form a belief as to the remaining allegations and averments contained in this paragraph and, therefore, denies the same.

## DAMAGES

132.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

133.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

134.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

135.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

136.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

137.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

138.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

## PUNITIVE DAMAGES

139.    Denied.

140.    Denied.

141.    Denied.

## CAUSATION

142.    Denied.

## NO QUALIFIED IMMUNITY

143.    Denied.

144.    Denied.

145.    Defendant states that this calls for a legal conclusion to which no response is required.  Defendant further states that this bald statement of law is not a complete statement of the pertinent underlying facts of this matter.

146.    Admitted.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

### §1988 ATTORNEY'S FEES AND COSTS

151.   Defendant admits that Plaintiffs are pursuing such recovery but denies that such recovery is appropriate or should be obtained by Plaintiffs in this case.

### COUNT I
### UNREASONABLE SEIZURE
### KEITH PILARSKI

152.   Defendant incorporates and restates his respective responses to all prior paragraphs as if set forth again fully herein.

153.   Admitted.

154.   Denied.

155.   Denied.

156.   Denied.

WHEREFORE, Defendant Christopher Hammann respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, and for any other and further relief that this Court deems just and proper under the circumstances.

### COUNT II
### EXCESSIVE FORCE
### KEITH PILARSKI

157.   Defendant incorporates and restates his respective responses to all prior paragraphs as if set forth again fully herein.

158.     Defendant denies Plaintiffs' characterization of the incident at issue. Defendant admits that he ordered another officer to tase Plaintiff Keith Pilarski due to his resistance and to gain control of Mr. Pilarski. Defendant admits that, due to Mr. Pilarski's continued resisting arrest, Defendant put his weight on Plaintiff Keith Pilarski. Defendant denies that he exerted excessive or unreasonable force upon Mr. Pilarski.  To the extent not expressly admitted or denied, Defendant denies the remaining allegations not specifically admitted or denied herein.

159.     Denied.

160.     Denied.

161.     Denied.

WHEREFORE, Defendant Christopher Hammann respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT III
## EXCESSIVE FORCE
## LINDA PILARSKI

162.     Defendant incorporates and restates his respective responses to all prior paragraphs as if set forth again fully herein.

163.     Defendant denies that he punched Plaintiff Linda Pilarski. Accordingly, Defendant denies the allegations set forth in this paragraph.

164.     Denied.

165.     Denied.

166.     Denied.

WHEREFORE, Defendant Christopher Hammann respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT IV
## RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS
## KEITH PILARSKI

167.    Defendant incorporates and restates his respective responses to all prior paragraphs as if set forth again fully herein.

168.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations and averments set forth in this paragraph and, therefore, denies the same.

169.    Defendant admits that he wrote a citation, that he submitted a police report and probable cause statements against Mr. Keith Pilarski, that he arrested him and, in the process of Mr. Pilarski resisting arrest and in Defendant trying to gain control of him, directed another officer to tase Mr. Pilarski and Defendant put his weight on top of him. Defendant denies the remaining allegations set forth in this paragraph.

170.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

171.    Denied.

172.    Denied.

173.    Denied.

WHEREFORE, Defendant Christopher Hammann respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, and for any other and further relief that this Court deems just and proper under the circumstances.

## <u>AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS</u>

By way of further answer and as Affirmative Defenses, Defendant states as follows:

1.      Plaintiffs have failed to state a claim upon which relief may be granted.

2.      Defendant is not liable and Plaintiffs' rights were not violated as alleged in this case because Defendant's actions were reasonable, justified, necessary, supported by probable cause and/or arguable probable cause, and not excessive under the circumstances of this case, specifically including but not limited to Plaintiffs' own respective actions.

3.      Defendant has qualified immunity from all claims brought against him under federal law.

4.      Plaintiffs' claims are barred and/or damages must be reduced to the extent they have failed to mitigate their damages alleged herein, including, but not limited to, any failure to attend to or complete any medical treatment.

5.      Plaintiffs lack standing to pursue recovery as sought in Counts I, II and III.

6.      Defendant reserves the right to add additional Affirmative Defenses with leave of Court hereinafter.

**DEFENDANTS REQUEST TRIAL BY JURY ON ALL COUNTS**

REICHARDT NOCE & YOUNG LLC

By:____/s/ Timothy J. Reichardt_____
Timothy J. Reichardt              #57684MO
tjr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile

*Attorneys for Defendant*

19

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was filed via CM/ECF eFiling System with a copy of the foregoing being served electronically this 15th day of December 2023 on all counsel of record.

<u>        /s/ Timothy J. Reichardt        </u>