UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH PILARSKI and LINDA PILARSKI, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:23-CV-01188-NCC |
| ) | |
| CHIEF CHRISTOPHER HAMMANN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' objections to proposed voir dire questions (Docs. 63-64). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5). The Court heard argument on the objections at the Status Conference on May 30, 2025. The Court rules as follows.

**A. Plaintiffs' Objection**

Plaintiffs object to the portion of Defendant's Question #13 that states:

> Finally, I believe that the evidence and the Court's instructions will require you to find in Mr. Hammann's favor and against Mr. and Mrs. Pilarski. Therefore, at the end of the case, I will ask you to find in favor of my client, against Plaintiffs, and to award them nothing.

Plaintiffs argue that it is not a question, but a statement more properly suited to opening argument. The Court agrees. Plaintiffs' objection is sustained.

**B. Defendant's Objections**

**i. Question #1**

Defendant objects to the portion of Plaintiffs' Question #1 that quotes the Fourth Amendment:

…. The Fourth Amendment states, partially:

> The right of the people to be secure in their persons, houses, papers and effects, from unreasonable searches and seizures, shall not violated…

Defendant argues that including this clause may lead jurors to think that the case is broader than claims of excessive force. The Court agrees. Defendant's objection is sustained. Plaintiffs may still make reference to the Bill of Rights and the Fourth Amendment.

### ii. Question #21

Defendant objects to Plaintiffs' Question #21, which reads:

> In this case you will learn that my clients, Keith and Linda Pilarski, are strongly on one side of the political debates of our time. Without my telling you which side they are on, is there anyone who feels that your own political beliefs are so strong that if Keith and Linda are on the same side as you politically that you would be unable to put those beliefs aside and deliver a verdict for Mr. Hammann assuming you came to believe that such a verdict would be a just and true verdict based on the facts and the judge's instructions, or, vice versa, if you were on the opposite side politically of Keith and Linda Pilarski you would be unable to put those beliefs aside and deliver a verdict for them assuming you came to believe that such a verdict would be a just and true verdict based on the facts and the judge's instructions?

Defendant argues that the Pilarskis' political beliefs are irrelevant and will not come up at trial, given the Court's ruling on the First Amendment retaliation claim. The Court agrees.

The Court previously granted summary judgment in favor of Defendant on Plaintiffs' unreasonable seizure and First Amendment retaliation claims (Doc. 38). The only remaining claims are the excessive force claims. Plaintiffs' political beliefs are of limited relevance to those claims, and any probative value of such evidence is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. *See* F.R.E. 403. Defendant's objection is sustained.

The Court notes that, by contrast, some evidence of Plaintiffs' use of profanity will be relevant and admissible. The Court will delineate the proper scope of the evidence at the Final Pretrial Conference on June 5, 2025.

2

### iii. Question #22

Defendant objects to Plaintiffs' Question #22, which reads:

In this case Plaintiffs have asked the court to allow the jury to award punitive damages. If that part of the case goes to you as jurors the judge will instruct you in the standard for awarding punitive damages. Is there anyone here who due to their beliefs would not be able to award punitive damages even if you believe the evidence justifies those damages according to the judge's instructions.

Defendant argues that until the evidence is heard, there will be no determination by the Court as to the submission of punitive damages. The Court agrees. Defendant's objection is sustained.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Single Objection to Defendant's Proposed Voir Dire Questions (Doc. 63) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Objections to Plaintiffs' Proposed Voir Dire Questions (Doc. 64) are **SUSTAINED**.

Dated this 30th day of May, 2025.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE